IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JO ANN BAILEY                                                                           PLAINTIFF

vs.                                                                    Case No. 3:09CV116-DAS

MICHAEL J. ASTRUE,
COMMISSIONER OF
SOCIAL SECURITY                                                                         DEFENDANT

## ORDER OF REVERSAL AND REMAND

Before the court are the Commissioner's motion (# 13) and brief (# 14) for reversal and remand, the plaintiff's response (# 15), and the Commissioner's reply (# 17).  Having duly considered the submissions of the parties and the record, the court is of the opinion that the defendant's motion should be granted.

The Commissioner has moved for a reversal and remand of this Social Security case in order to reconsider the plaintiff's claim.  He states that the Appeals Council has determined that on remand, the ALJ should be instructed to conduct a supplemental hearing , give the plaintiff an opportunity to submit additional evidence, if desired, reconsider the plaintiff's impairments and properly evaluate her mental functioning.  The plaintiff does not object to reversal and remand of the case, but rather contends that the remand order should be "more specific."

The plaintiff argues that the remand order should expressly instruct the ALJ to apply the proper legal standard in determining whether her drug abuse and alcoholism is material to a finding of disability pursuant to 20 C.F.R. §§ 404.1535 and 416.935 and HALLEX I-5-31 (4D). She also argues that the court should specifically order the ALJ to conduct a proper analysis of the opinions of treating and examining physicians under 20 C.F.R. §§ 404.1527(d) and

416.927(d). In support of this request, the plaintiff contends that such direction is indicated because of the ALJ's alleged history of noncompliance with remand orders. Additionally, the plaintiff asserts that the ALJ previously relied upon a non-examining physician assessment which was given "well before receipt of additional, pertinent medical evidence." However, these reasons do not convince the court that additional instructions are warranted in light of the comprehensive nature of the instructions requested by the defendant, e.g., conducting a supplemental hearing and allowing the plaintiff to submit additional evidence.

      **THEREFORE, IT IS ORDERED** that the defendant's motion is hereby **GRANTED**; and, pursuant to the power of this court to enter a judgment affirming, modifying, or reversing the Commissioner's decision with remand in Social Security actions under sentence four of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), this court hereby **REVERSE**S the Commissioner's decision and **REMANDS** the plaintiff's claim for further consideration. Specifically, the ALJ will conduct a supplemental hearing, give the plaintiff the opportunity to submit additional evidence, if required, and reconsider her impairments and properly evaluate her mental functioning. The Clerk of the Court will enter a separate judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

      **SO ORDERED** this the 23rd day of April, 2010.

      /s/ David A. Sanders
      UNITED STATES MAGISTRATE JUDGE